United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40692
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ARMANDO RIVAS-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-996-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Armando Rivas-Lopez appeals from his guilty-plea
conviction for illegal reentry into the United States following
deportation after an aggravated-felony conviction.  For the first
time on appeal, Rivas-Lopez argues that 8 U.S.C. § 1326(b) is
unconstitutional on its face and as applied in his case because
it does not require the fact of a prior felony or aggravated
felony conviction to be charged in the indictment and proved
beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rivas-Lopez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Rivas-Lopez also argues that, if Almendarez-Torres is overruled and if Blakely v. Washington, 542 U.S. 296 (2004), applies to the federal sentencing guidelines, the district court violated his right to a trial by jury by enhancing his sentence based on his prior convictions, which were not submitted to a jury or admitted by Rivas-Lopez. Almendarez-Torres has not been overruled.

Also for the first time on appeal, Rivas-Lopez argues that his sentence should be vacated and the case remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). He does not allege that a Sixth Amendment violation occurred but, instead, asserts that the district court would have imposed a lesser sentence under an advisory sentencing scheme. Rivas-Lopez's claim fails to meet the plain-error standard because he has not shown that the error affected his substantial

rights.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

AFFIRMED.